**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**TOMAS HERNANDEZ JR.,**
**Petitioner,**

**-vs-**                                                                          **Case No.  A-10-CA-078-SS**

**RICK THALER, Director,**
**Texas Dept. of Criminal Justice -**
**Correctional Institutions Division**
**Respondent.**

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, specifically Petitioner Tomas Hernandez Jr.'s ("Hernandez" or "Petitioner") Application for Habeas Corpus Relief under 28 U.S.C. § 2254 [#1], Respondent Rick Thaler's ("Director") Answer with Brief in Support [#9], Hernandez's Response thereto [#10], the Report and Recommendation of the Magistrate Judge [#11], and Hernandez's Objections thereto [#13]. Petitioner, proceeding pro se, requested and has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds Hernandez's application for writ of habeas corpus should be DENIED.

All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On April 16, 2010 the Magistrate Judge issued his report and recommendation that Hernandez's petition for writ of habeas corpus be denied. Petitioner timely

submitted written objections to the Magistrate's report and recommendation on April 30, 2010, and thus the Court reviews the Magistrate Judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Having reviewed Hernandez's petition [#1], the Director's answer [#9], Hernandez's response to the State's answer [#10], the report and recommendation of the Magistrate Judge [#11], Hernandez's objections thereto [#13], the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate's report and recommendation.

## BACKGROUND

The Director has lawful custody of Petitioner pursuant to a judgment and sentence from the 23rd Judicial District Court of Brazoria County, Texas, in cause number 49663. *See* Pet. [#1] at 2. In that case, on February 16, 2006, Petitioner pleaded guilty to intoxication manslaughter, intoxication assault, and driving while intoxicated and was sentenced to eight years in prison. *Id.* Petitioner is currently housed at the Lockhart Work Facility. *Id.* at 1. Petitioner does not contest his holding conviction, only the Parole Board (the "Board")'s decision regarding his release to mandatory supervision. *Id.* at 2, 7-10. Consequently, the Court will not list his history of appeals or applications for state writ of habeas corpus contesting his conviction, as it is irrelevant to the instant case.

Petitioner was denied release to mandatory supervision on January 16, 2009, and again on December 1, 2009. *See* Dir.'s Ans. [#9] at 2, app. A. Petitioner filed his application for state writ of habeas corpus on November 9, 2009, alleging due process and equal protection claims based on the Board's decision to not grant him parole or mandatory supervision. *See* Pet. [#1] at 3-4. The Texas

Court of Criminal Appeals denied Petitioner's application without a written order on December 16, 2009. *Id.* at 4. Petitioner filed the instant case in this Court on January 29, 2010. *Id.* at 9.

## PETITIONER'S GROUNDS FOR RELIEF

Hernandez raises several grounds for relief: (1) the Board procedures are arbitrary and capricious, allowing for the use of false information, which produces unreliable and erroneous decisions; (2) the Board failed to prove Petitioner is a danger to society or unable to be rehabilitated and is unjustly using his conviction against him; (3) the Board violated state law by failing to provide sufficient written denial statements to Petitioner indicating why Petitioner was denied mandatory supervised release; (4) the Board has violated Petitioner's due process rights by denying him release when he had pre-parole status and a presumptive parole date; and (5) the Board violated Petitioner's constitutional rights by treating Petitioner's crime of intoxication manslaughter differently from other crimes.

## EXHAUSTION OF STATE COURT REMEDIES

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 715 (1996). Section 2254(b) provides:

(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. Thus, a petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *Castille*, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id.*

In the instant case, Respondent acknowledges and does not contest Petitioner has exhausted his state court remedies in challenging the Board's January 2009 decision denying Petitioner mandatory supervision. *See* Dir.'s Ans. [#9] at 3. However, Petitioner filed his state application for habeas relief prior to the Board's second decision denying Petitioner mandatory supervision in December 2009. *See id.* at 2, App. A; Pet. [#1] at 3-4. As such, Petitioner could not have exhausted his state court remedies regarding the Board's December 2009 decision. As a result, this Court is unable to review Petitioner's December 2009 denial by the Board and construes Petitioner's instant application as challenging the Board's January 2009 decision, not its December 2009 decision.

## ANALYSIS

### I.    The Antiterrorism and Effective Death Penalty Act of 1996

The standard of review in federal habeas cases filed by state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. 104-132, 110 Stat.

1214 (1996).  Under AEDPA, a habeas petitioner may not obtain relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless he shows the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).

A state court decision is "contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts."  *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009). A state court decision is entitled to deference unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2001).  A presumption of correctness attaches to factual determinations made by a state court.  28 U.S.C. § 2254(e)(1). A habeas petitioner must rebut this presumption by clear and convincing evidence.  *Id.*; *Ladd v. Cockrell*, 311 F.3d 349, 352 (5th Cir. 2002).

The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion.  *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (citing *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001), *cert. denied*, 535 U.S. 982, 122 S.

Ct. 1463 (2002); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us

that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not

the written opinion explaining that decision."), *cert. denied*, 537 U.S. 1104, 123 S. Ct. 963 (2003)).

With these principles in mind, this Court turns to the issues raised by the pleadings in this cause.

## II.    Due Process

Prison inmates are entitled to protection under the due process clause of the United States

Constitution only when an official action infringes upon a constitutionally protected liberty interest.

*See Sandin v. Conner*, 515 U.S. 472 (1995). In sum, Petitioner's first four claims challenging the

Board's decision amount to an allegation Petitioner was denied due process by the Board.

Specifically, Petitioner asserts due process claims with respect to (1) the Board's procedures, which

Petitioner claims allow for the use of false information, and thus produce unreliable or erroneous

results; (2) the Board's failure to prove Petitioner is a danger to society and unjust use of Petitioner's

conviction against him; (3) the Board's failure to provide a sufficient written explanation for why

Petitioner was denied mandatory supervised release; and (4) the Board's denial of Petitioner's release

when he had pre-parole status and a presumptive parole date. *See* Pet. [#1] at 12-29.

### A.    Mandatory Supervision[1]

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve

the remainder of the inmate's sentence not on parole but under the supervision of the pardons and

paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly

discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions,

---

[1] It appears Texas law treats "mandatory supervision" and "parole" in the same manner. *See* TEX. GOV'T CODE ANN. § 508.147(b) (Vernon 1997) (stating "[a]n inmate released to mandatory supervision is considered to be released on parole."); *see also Coleman v. Dretke*, 395 F.3d 216, 219 n.1 (5th Cir. 2004). Thus, the terms may be used interchangeably.

when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest, and is entitled to due process protection with respect to the Board's decision to deny him mandatory supervision.

However, Petitioner seems to believe the existence of a protected liberty interest entitles him irrefutably to mandatory supervision release. *See* Pet. [#1] at 2-3, 15-18. Instead, it simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard. *Geiken*, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." *Id.* (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Therefore, the only issues before this Court are (1) whether Petitioner was provided timely notice he was to be considered for mandatory supervision release, (2) whether he was given a meaningful opportunity to be heard; in other words, a meaningful opportunity to tender information to the Board in support of his release, and (3) whether he was informed in what respects he fell short of qualifying for early release.

The record does not include a copy of the notice Petitioner was given regarding his mandatory

supervision review in January 2009. However, Petitioner does not contest the fact he received a

timely notice. Rather, "[i]t is the Petitioner's contention that the Board is failing to provide a copy

of the specific circumstances regarding inmate's denial **reasons**." *See* Pet. [#1] at 23 (emphasis

added). In addition, Petitioner has not submitted any document reflecting the decision of the Board

regarding Petitioner's January 2009 mandatory supervision review. Petitioner does not allege he did

not receive notice of the Board's decision.[2] Instead, Petitioner relies on his December 2009 denial,

which cites reasons 9D1, 9D2, 3D, and 2D, for his argument.[3] *Id.* at 14. As stated previously, this

Court is unable to review Petitioner's December 2009 denial, for he has not exhausted his claims in

state court regarding the decision. Consequently, Petitioner has failed to demonstrate he did not

receive the process to which he was due under the law with regard to his January 2009 denial

because he has not supplied any evidence indicating the Board did not give him specific reasons for

the denial.

To the extent Petitioner complains the Board's reasoning or the guidelines it follows are

arbitrary and capricious, the Court of Criminal Appeals has considered this argument and rejected

it. *Geiken*, 28 S.W.3d at 557. In *Geiken*, the applicant argued the statutory criteria directing the

Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger

---

[2] Specifically, Petitioner notes he "was given a computer-generated list of pre-written parole denials." *See* Pet. [#1] at 23.

[3] Reason 9D1 states, "[t]he record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation." Reason 9D2 provides, "[t]he record indicates that the inmate's release would endanger the public." Reason 3D states, "[t]he record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history." Finally, Reason 2D provides, "[t]he record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; or the record indicates use of a weapon." *See* Pet. [#1] at 38 (Ex. C).

In Petitioner's January 2009 denial for mandatory supervision, the Board also cited reason 1D in addition to reasons 9D1, 9D2, 3D, and 2D. *See* Dir.'s Ans. [#9] at 11 (App. A). Unfortunately, this Court is unable to delineate the content of reason 1D as it has not been provided in the record.

the public "are too vague to provide any guidance to the Board in making its decision and...this Court should, because of this vagueness, hold this portion of the statute unconstitutional." *Id.* The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision." *Id.* The *Geiken* court concluded, "The early release decision is necessarily subjective and cannot be limited to rigidly defined factors. In creating a parole or other early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'" *Id.* (citing *Greenholtz*, 442 U.S. at 8). As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context. *See Boss v. Quarterman*, 552 F.3d 425, 427-29 (5th Cir. 2008) (upholding explanations issued by the Board which were "paragraphs cut verbatim from the Parole Board's Directives.").

Thus, should Petitioner seek to challenge the vagueness of his December 2009 denial, the record reflects the Board specifically set forth the particular factors justifying its determination not to release Petitioner on mandatory supervision in the December 2009 denial. The Board points to reasons 9D1, 9D2, 3D, and 2D to support its determination. *See supra* note 2; Pet. [#1] at 38 (Ex. C). Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit. Although Petitioner did not receive the result he desired, he was afforded all the process he was due under the United States Constitution.

## III.   Equal Protection

Finally, Petitioner contends he has been denied equal protection due to the nature of his offense. *See* Pet. [#1] at 10,30-31. In particular, Petitioner claims prisoners convicted of intoxicated

manslaughter are less likely to be granted parole. *Id.* In the Fifth Circuit, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Furthermore, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Id.*; *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

In the instant case, Petitioner offers no evidence in support of his assertion prisoners convicted of intoxicated manslaughter are less likely to be granted parole. As support, Petitioner alleges political pressure from activist groups, such as Mothers Against Drunk Driving, causes the Board to treat inmates convicted of intoxicated manslaughter differently from other prisoners.[4] *Id.* In addition, Petitioner notes he has been denied access to recidivism rates for inmates convicted of intoxication manslaughter. *Id.* at 19. But neither assertion supports Petitioner's claim that prisoners convicted of intoxicated manslaughter are less likely to be granted parole. Petitioner even states he "can only base his opinion upon several years of incarceration in the prison system and his own observations of the parole rates of individuals around him." *See* Pet. [#1] at 20.

Mere conclusory statements do not raise a constitutional issue in a habeas case. *Ross*, 694 F.2d at 1011. Having independently reviewed the entire state court record, the Court finds nothing unreasonable in the state court's application of clearly established federal law, or in the state court's determination of the facts in light of the evidence. Therefore, Petitioner's application for writ of habeas corpus is DENIED.

---

[4] Specifically, Petitioner states "it is his contention that social and political stigma associated with his crime . . . make[s] this a special case that the court must address . . . ." *See* Pet. [#1] at 19-20.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability ("COA")."   28 U.S.C. § 2253(c) (1)(A).   Pursuant to Rule 11 of the Federal Rules Governing § 2254 Cases, effective December 1, 2009, the district court must issue or deny a COA when it enters a final order adverse to the petitioner.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Id.*   "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed.   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).   Accordingly, a COA shall not be issued.

**Conclusion**

In accordance with the foregoing:

      IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#12] is ACCEPTED.

      IT IS FURTHER ORDERED that Petitioner Tomas Hernandez Jr.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED in full.

SIGNED this the 9th day of July 2010.

 

                 _____

                 SAM SPARKS

                 UNITED STATES DISTRICT JUDGE